IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:09cr156-MHT |
| WILLIAM LOUIS TUCK | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant William Louis Tuck's motion to continue made on December 22, 2009. For the reasons set forth below, the court finds that jury selection and trial, now set for January 19, 2010, should be continued pursuant to 18 U.S.C. § 3161(h)(6).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Act also excludes from the 70-day period any continuance "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

Tuck's codefendant, Deon Gaddis, requested a continuance from this court after the government filed a superceding indictment against him on December 16, charging him with committing an additional crime. The court granted Gaddis's request for a continuance to allow

2

Gaddis's counsel to investigate the new charge and interview witnesses. Tuck represents that the same witnesses will be called in both his and Gaddis's cases. The government does not oppose this motion. The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Tuck in receiving a speedy trial.

Accordingly, it is ORDERED as follows:

(1) Defendant William Louis Tuck's motion for a continuance (doc. no. 34) is granted.

(2) The jury selection and trial for defendant Tuck are continued to April 12, 2010, at 10:00 a.m. at the G.W. Andrews Federal Building & U.S. Courthouse, 701 Avenue A, Opelika, Alabama.

DONE, this the 22nd day of December, 2009.

                    /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE